# United States Court of Appeals
# for the Federal Circuit

---

**AVID IDENTIFICATION SYSTEMS, INC.,**
*Plaintiff-Appellant,*

**v.**

**THE CRYSTAL IMPORT CORPORATION,
DATAMARS SA AND DATAMARS, INC.,**
*Defendants.*

---

2009-1216, -1254

---

Appeals from the United States District Court for the Eastern District of Texas in case no. 2:04-CV-183, Judge T. John Ward.

ON PETITION FOR PANEL REHEARING
AND REHEARING EN BANC

---

Before RADER, *Chief Judge*,[*] NEWMAN, MAYER,[**] LOURIE, BRYSON, GAJARSA, LINN, DYK, PROST, and MOORE, *Circuit Judges*.

PER CURIAM.

---

[*] Randall R. Rader assumed the position of Chief Judge on June 1, 2010.
[**] Haldane Robert Mayer did not participate in the poll.

NEWMAN, *Circuit Judge*, dissents from the denial of the request for a stay.

———————————

JOHN W. THORNBURGH, Fish & Richardson P.C., of San Diego, California, filed a combined petition for panel rehearing and rehearing en banc for plaintiff-appellant. With him on the petition were JUANITA R. BROOKS, ROGER A. DENNING, MICHAEL A. AMON, and BRIAN WACTER.

K.T. CHERIAN, Howrey LLP, of San Francisco, California, for amicus curiae Allflex USA, Inc. With him on the motion was RICHARD L. STANLEY, of Houston, Texas.

———————————

## O R D E R

A combined petition for panel rehearing and rehearing en banc was filed by Plaintiff-Appellant, Avid Identification Systems, Inc. ("Avid"). Separately, Avid filed a motion to join in the pending en banc review in *Therasense v. Becton Dickinson and Co.*, 2008-1511, -1512, -1513, -1514, -1595 or, alternatively, to stay the mandate of this case pending disposition of *Therasense*. The panel denied Avid's motion. The combined petition and motion were referred to the circuit judges who are in regular active service. A poll was requested, taken, and failed.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion to join in the pending en banc review in *Therasense v. Becton Dickinson and Co.*, 2008-1511, -

1512, -1513, -1514, -1595 or, alternatively, to stay the mandate of this case is denied.                              .

(1)  The petition for panel rehearing is denied.

(2)  The petition for rehearing en banc is denied.

(3)  The mandate of the court will issue on July 23, 2010.

FOR THE COURT

July 16, 2010                              /s/ Jan Horbaly

Date                                       Jan Horbaly
                                           Clerk

cc:  John W. Thornburgh, Esq.
     K.T. Cherian, Esq.

# United States Court of Appeals for the Federal Circuit

---

**AVID IDENTIFICATION SYSTEMS, INC.,**
*Plaintiff-Appellant,*

v.

**THE CRYSTAL IMPORT CORPORATION, DATAMARS SA AND DATAMARS, INC.,**
*Defendants.*

---

2009-1216,-1254

---

Appeal from the United States District Court for the Eastern District of Texas in Case No. 2:04-CV-183, Judge T. John Ward.

---

NEWMAN, *Circuit Judge*, dissenting from denial of the request for a stay.

Avid moves this court to stay its petition for rehearing en banc until our en banc consideration of *Therasense, Inc. v. Becton, Dickinson & Co.*, 593 F.3d 1289 (Fed. Cir. 2010), which bears on the precise issue of Avid's appeal, that is, the criteria for "inequitable conduct" during patent prosecution. I would grant this stay. The law as applied in *Avid* is subject to conflicting precedent, a conflict whose resolution is reasonably likely to alter the result. Thus it is prudent, and just, to hold Avid's petition while the law is clarified.

The court today has declined to do so, rendering the subject patent permanently unenforceable, although the patent was found valid on the same prior art that is the basis for its unenforceability.

The practice of staying the finality of related cases while the law is clarified is not unusual. The Supreme Court often holds petitions for writ of certiorari in cases involving the same issue being decided in another case before the Court. As explained in *Lawrence v. Chater*, "'We fulfill our judicial responsibility by instructing the lower courts to apply the new rule retroactively to cases not yet final.'" 516 U.S. 163, 167 (1996) (quoting *Griffith v. Kentucky,* 479 U.S. 314, 323 (1987)). Thus the Supreme Court "regularly hold[s] cases that involve the same issue as a case on which certiorari has been granted and plenary review is being conducted in order that (if appropriate) they may be [granted, vacated and remanded] when the case is decided." *Id.* at 181 (Scalia, J., dissenting on other grounds). The Court elaborated that this practice conserves judicial resources while alleviating the potential for unequal treatment of pending cases raising similar issues. *Id.* at 167.

Such consideration is equally salutary upon en banc review in this court, when the purpose of the review is to establish consistent national law, and other pending cases are reasonably likely to be affected. As applied to *Avid*, it is grievously unjust to eradicate this patent on grounds that may soon be changed by the en banc court. Our Order in *Therasense* is of broad range, in the context of "inequitable conduct" in patent prosecution, and includes the following questions concerning materiality:

Q3. What is the proper standard for materiality? What role should the United States Patent and Trademark Office's rules play in defining material-

ity? Should a finding of materiality require that but for the alleged misconduct, one or more claims would not have issued?

*Therasense, Inc. v. Becton, Dickinson & Co.*, Nos. 2008-1511, -1512,-1513,-1514, -1595, 2010 WL 1655391, at \*1 (Fed. Cir. Apr. 26, 2010) ("*Order*").  Extensive *amicus curiae* participation has ensued, for the burden on the innovation community of this court's inconsistent rulings has achieved national notoriety.  *See, e.g.*, 155 CONG. REC. S2715 (daily ed. Mar. 3, 2009) (statement of Sen. Hatch) ("The inequitable conduct defense is frequently pled, rarely proven and always drives up the cost of litigation tremendously.").

This court held that Dr. Stoddard's demonstration during the Livestock Committee trade show of what the panel calls "some of Avid's technology," and Avid calls a "precursor product," was material to patentability and that Dr. Stoddard was required to assure that the patent examiner was informed.[1]  According to the panel opinion, the district court "found that the precursor product, while not invalidating, reflected the closest prior art, and thus was highly material to patentability." *Avid Identification Sys., Inc. v. Crystal Import Corp.*, 603 F.3d 967, 973 (Fed. Cir. 2010)

---

[1]     The motion papers describe the demonstration as two radio frequency components called "the e5500B integrated circuit and the Standard Reader."  These items, and their demonstration, were presented in the jury trial and were found not to invalidate the patent in suit.  *See* J.A. 30 (Jury Verdict); *Avid Identification Sys., Inc. v. Crystal Import Corp.*, No. 2:04-CV-183, 2007 WL 2901415, at \*1 (E.D. Tex. Sept. 28, 2007) ("*Avid I*") ("The jury upheld the validity of the asserted claims of the '326 patent, found the defendants liable for the willful infringement of claims of each patent, and found the defendants liable on Avid's unfair competition claim.").

("*Avid II*"). While "closest prior art" has been discussed in the context of whether certain information is cumulative of that already presented to an examiner, *see, e.g.*, *AstraZeneca Pharms. LP v. Teva Pharms. USA*, 583 F.3d 766, 773-75 (Fed. Cir. 2009), it has never been the law that information is "highly material" simply because it is "closest." It is not disputed that whatever was demonstrated was not an invalidating disclosure of the patented invention, and not a sale or offer to sell the patented invention, for the jury found that the demonstration at the Livestock Committee was not invalidating. *See Avid I*, 2007 WL 2901415, at *1.

Dr. Stoddard, who is the president of Avid, is a veterinarian whose principal occupation is running an animal hospital; he is not an electronics engineer and not a chip designer and not an inventor of the patented device and not a lawyer. *See Avid II*, 603 F.3d at 970. On the undisputed fact that the challenged information is not invalidating, the court's holding of inequitable conduct is sufficiently questionable to warrant a stay until this court resolves the larger issues before us, including the en banc Order's query: "Should a finding of materiality require that but for the alleged misconduct, one or more claims would not have issued?" *Order*, 2010 WL 1655391, at *1. It is at least possible that the court will answer this question in the affirmative. Although I do not venture to guess how *Therasense* will fare overall, it is not unreasonable to expect that it may affect the *Avid* decision.

The *Avid* panel applied the former Rule 56 standard of materiality as stated in *J.P. Stevens & Co. v. Lex Tex Ltd.*, 747 F.2d 1553, 1559 (Fed. Cir. 1984), although this standard was abandoned by the PTO in 1992. The information here criticized does not appear to violate the current Rule 56 standard, and Dr. Stoddard is not within the cadre upon whom is placed the obligation of understanding the patent

law, as Judge Linn explained in his dissent. I must, respectfully, dissent from the court's refusal to stay this appeal in view of the en banc proceeding in *Therasense*.